UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Patricia Burkette,<br><br>    Plaintiff,<br> v.<br><br>Paramount Recovery Services, Inc.; and<br>DOES 1-10, inclusive,<br><br>    Defendants. | Civil Action No.: _____<br><br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Patricia Burkette, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (the "FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants in their illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) in that Defendants transact business here and a substantial portion of the acts giving rise to the act occurred here.

## PARTIES

3. Plaintiff, Patricia Burkette ("Plaintiff"), is an adult individual residing in West Newton, PA, and is a "consumer" as the term is defined by 15 U.S.C. § 1692(a)(3).

4. Defendant, Paramount Recovery Services, Inc. (hereinafter "Paramount"), is an Ohio corporation with its principal place of business at 8118 Corporate Way, Suite 212, Mason, OH 45040, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692(a)(6).

5. Does 1-10 (the "Collectors") are individual collectors employed by Paramount and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties as their identities are determined through discovery.

6. Paramount at all times acted by and through one or more of its Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

7. The Plaintiff incurred a financial obligation (the "Debt") to a creditor (the "Original Creditor").

8. The Debt was incurred primarily for personal, family or household purposes, and therefore meets the definition of a "debt" under 15 U.S.C. § 1692(a)(5).

9. The Debt was purchased, assigned or transferred to Paramount for collection, or Paramount was employed by the Original Creditor to collect the Debt.

10. The Defendants began attempts to collect this Debt from the Plaintiff, and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692(a)(2).

**B. Paramount Engages in Harassment and Abusive Tactics**

11. The Defendants call the Plaintiff daily.

12. The Defendants call the Plaintiff approximately three times per day.

13. The Defendants call the Plaintiff at her home and work telephone numbers.

14. The Plaintiff has requested that the calls cease, but the Defendants continue to call.

15. The Plaintiff has explained to the Defendants that she is not permitted to receive calls at work, but they continue to call her at that number. The Defendants said that they could call her at work hundreds of times.

16. The Defendants lie about their identity in calls to the Plaintiff's office, in order to trick the Plaintiff into taking their call.

17. The Defendants have pretended to be Plaintiff's brother, and asked to speak with the Plaintiff because there was an emergency. One of the Plaintiff's brothers is ill, so Plaintiff was very upset when she received this call.

18. The Defendants have falsely stated that they are attorneys.

19. The Plaintiff's employer has reported the Defendants' calls to the police.

20. The Plaintiff is afraid that she might lose her job due to the Defendants' calls.

21. The Plaintiff has not received a written notification from the Defendants advising her of her rights under state and federal law, including her right to dispute the Debt.

22. The Defendants are very abusive and rude to the Plaintiff.

23. The Defendants call from undisclosed numbers.

24. The Plaintiff has suffered actual damages as a result of the Defendants' illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home.

## COUNT 1

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *et seq.*

25. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The Defendants contacted third parties and failed to identify themselves and further failed to confirm or correct location information, in violation of 15 U.S.C. § 1692b(1).

27. The Defendants contacted third parties in regards to the Plaintiff's debt on numerous occasions, without being asked to do so, in violation of 15 U.S.C. § 1692b(3).

28. The Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff, in violation of 15 U.S.C. § 1692c(a)(1).

29. The Defendants contacted the Plaintiff at Plaintiff's place of employment, knowing that the Plaintiff's employer prohibited such communications, in violation of 15 U.S.C. § 1692c(a)(3).

30. The Defendants used profane and abusive language when speaking with the consumer, in violation of 15 U.S.C. § 1692d(2).

31. The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

32. The Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency, in violation of 15 U.S.C. § 1692d(6).

33. The Defendants misled the Plaintiff into believing the communication was from a law firm or an attorney, in violation of 15 U.S.C. § 1692e(3).

34. The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

35. The Defendants used a name other than the true name of the debt collection agency, in violation of 15 U.S.C. § 1692e(14).

36. The Defendants failed to send the Plaintiff a validation notice stating the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

37. The Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the debt was owed, in violation of 15 U.S.C. § 1692g(a)(2).

38. The Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the debt within thirty days, in violation of 15 U.S.C. § 1692g(a)(3).

39. The Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4).

40. The Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(a)(5).

41. The Defendants continued collection efforts even though the debt had not been validated, in violation of 15 U.S.C. § 1692g(b).

42. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

43. The Plaintiff are entitled to damages as a result of Defendants' violations.

## COUNT II

### VIOLATIONS OF THE PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT, 73 P.S. § 2270, *et seq.*

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The Plaintiff is a "consumer" as defined in 73 P.S. § 2270.3.

46. The Defendants are "debt collectors" as defined in 73 P.S. § 2270.3.

47. The Defendants violated provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., which constitutes an unfair or deceptive practice under 73 P.S. § 2270.4.

48. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT III

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

49. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. The *Restatement of Torts, Second,* § 652(b) defines intrusion upon seclusion as occurring when, "[o]ne…intentionally intrudes…upon the solitude or seclusion of another, or her private affairs or concerns, is subject to liability to the other for invasion of privacy, if the

intrusion would be highly offensive to a reasonable person."

51. Pennsylvania further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendants violated Pennsylvania state law.

52. Defendants intentionally intruded upon the Plaintiff's right to privacy by continually harassing Plaintiff with phone calls.

53. The telephone calls made by Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff[s]," and, "a substantial burden to [her] existence," thus satisfying the *Restatement of Torts, Second,* § 652(b) requirement for an invasion of privacy.

54. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

55. As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

56. All acts of Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

### COUNT IV
**VIOLATIONS OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW, 73 P.S. § 201-1,** *et seq.*

57. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

58. The Defendants' violations of the Pennsylvania Fair Credit Extension Uniformity Act constitute per se violations of the Pennsylvania Unfair Trade Practices and Consumer

Protection Law pursuant to 73 P.S. § 2270.5.

59. The Defendants' acts were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law.

60. As a result of the Defendants' violations, the Plaintiff has suffered ascertainable losses entitling the Plaintiff to actual, statutory and treble damages, as well as costs and reasonable attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and 73 P.S. § 2270.5 against Defendants;
4. Statutory damages pursuant to 73 P.S. § 2270.5(c);
5. Actual damages pursuant to 73 P.S. § 201-9.2(a);
6. Statutory damages pursuant to 73 P.S. § 201-9.2(a);
7. Treble damages pursuant to 73 P.S. § 201-9.2(a);
8. Actual damages from Defendants for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiffs;
9. Punitive damages; and
10. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS.**

Dated: February 12, 2010

                                          Respectfully submitted,

                                          By /s/ Jody B. Burton

                                          Jody B. Burton, Esq.
                                          Bar No.: 71681
                                          LEMBERG & ASSOCIATES L.L.C.
                                          1100 Summer Street, 3rd Floor
                                          Stamford, CT 06905
                                          Telephone: (203) 653-2250
                                          Facsimile:  (877) 795-3666
                                          *Attorneys for Plaintiff*